UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:26-CV-00466-GNS

THANH THAO LE NGUYEN                                                      PETITIONER

v.

JASON WOOSLEY, Grayson County Jailer;
TODD BLANCHE, Acting Attorney General
of the United States;
SAMUEL J. OLSON, Chicago Field Office Director
Immigration and Customs Enforcement and
Removal Operations ("ICE/ERO");
TODD LYONS, Acting Director
of the Immigration and Customs Enforcement ("ICE");
U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary of the
Department of Homeland Security; and
U.S. DEPARTMENT OF HOMELAND SECURITY                                      RESPONDENTS

## ORDER

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus

(DN 1).

Petitioner Thanh Thao Le Nguyen ("Nguyen"), a native and citizen of Vietnam, entered

the United States prior to 2019.[1]  (Pet. ¶¶ 1, 36, DN 1).  On August 23, 2019, an immigration

judge entered an order of removal, which she appealed to the Board of Immigration Appeals

("BIA").  (Pet. ¶ 37).

While the appeal to the BIA was pending, Nguyen was detained by Immigration and

Customs Enforcement ("ICE") at an airport on February 17, 2025, and she is being held at the

Grayson County Detention Center.  (Pet. ¶¶ 1, 39).  Then, on May 15, 2025, the BIA affirmed the

---

[1] The Petition provides no allegations regarding when and under what circumstances Nguyen entered the United States.  In addition, while Respondents usually file a petitioner's Form I-213 with their response, it was not filed in this case.

1

immigration judge's removal order.  (Pet. ¶ 40; Resp'ts' Resp. Show Cause Order Ex. 1, at 3, DN 10-1).  On June 14, 2025, Nguyen petitioned for review by the Seventh Circuit.  (Resp'ts' Resp. Show Cause Order Ex. 2, at 1-21, DN 10-2).  On July 6, 2026, the Seventh Circuit dismissed the appeal for lack of jurisdiction and otherwise denied the petition.  (Resp'ts' Resp. Show Cause Order Ex. 3, at 1, DN 10-3).

On July 9, 2026, Nguyen filed the Petition for Writ of Habeas Corpus against Respondents:  Jason Woosley, Grayson County Jailer; Todd Blanche, Acting Attorney General of the United States; Samuel J. Olson, Director of the Chicago Field Office of ICE's Enforcement and Removal Operations; Todd Lyons, Acting Director of ICE; Markwayne Mullin, Secretary of the Department of Homeland Security; and U.S. Department of Homeland Security.  (Pet. ¶¶ 15-20).  She alleges that her prolonged detention violates the Immigration and Nationality Act ("INA") and its regulations, and her due process rights under the Fifth Amendment.  (Pet. ¶¶ 49-65).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'"  *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)).  In seeking habeas relief, Nguyen bears the burden of proving by a preponderance of the evidence that her detention is unlawful.  *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

To address the issues raised in the Petition, it is necessary to consider 8 U.S.C. § 1231(a) and 8 U.S.C. § 1226.  The Sixth Circuit has explained detention under Section 1231 as follows:

> Under 8 U.S.C. § 1231(a)(2), the Attorney General has the authority to detain an alien during the removal period. The removal period is the period of 90 days after an alien is ordered removed. *See* 8 U.S.C. § 1231(a)(1)(A). Under 8 U.S.C. § 1231(a)(1)(B), however, the removal period does not begin until the latest of: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Bejjani v. I.N.S.*, 271 F.3d 670, 689 (6th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). "Section 1226(a) [] differs from 8 U.S.C. § 1231(a), which governs the detention, release, and removal of 'aliens ordered removed.'" *Alabdulaziz v. Tindall*, No. 3:26-CV-178-CHB, 2026 WL 973278, at *5 (W.D. Ky. Apr. 10, 2026) (quoting 8 U.S.C. § 1231(a)). "In other words, '[o]nce an alien has a final removal order that is not subject to a judicial stay, detention authority shifts to' § 1231(a)." *Id.* (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022)).

Here, the order of removal became final upon the BIA's decision on May 15, 2025. *See* 8 U.S.C. § 1231(a)(1)(B)(i). While Nguyen sought review by the Seventh Circuit, there was never a judicial stay of the removal order to toll the running of the time for removal. Therefore, while Nguyen was detained pursuant to Section 1226 from February 17, 2025, to May 17, 2025, she has since been detained for over 14 months pursuant to Section 1231(a).

Under Section 1231, the Secretary of the Department of Homeland Security ("Secretary") has ninety days from the date a removal order becomes administratively final to remove a noncitizen. *See* 8 U.S.C. § 1231(a)(1)(A), (a)(2)(A), (a)(1)(B)(i). In addition, that detention period may be extended three more months pursuant to 8 U.S.C. § 1231(a)(6). The statute also provides:

> The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make

timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

8 U.S.C. § 1231(a)(1)(C).  After a noncitizen has been detained for six months, the Supreme Court has held that he or she bears the burden of providing a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, [and] the Government must respond with evidence sufficient to rebut that showing." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).  The Supreme Court has stated that to interpret to Section 1231 to allow indefinite detention "would raise a serious constitutional problem" as to a noncitizen's due process rights under the Fifth Amendment.  *See id.* at 690.  This Court has jurisdiction to review prolonged detentions.  *See id.* at 682 ("[W]e construe the statute to contain an implicit 'reasonable time' limitation, the application of which is subject to federal-court review.").

As noted above, Nguyen's detention under Section 1231 has already exceeded six months.  The record reflects no meaningful effort by the United States to remove her from this country.  To the contrary, Respondents' position is that its obligation to arrange for her timely removal was not triggered until the Seventh Circuit's order of dismissal without any stay of removal, which is of no moment in determining the length of her detention under Section 1231. (Resp't's Resp. Show Cause Order 3-5, DN 10).  There is nothing in the record reflecting any significant likelihood of removal in the reasonably foreseeable future, and Respondents have not offered a substantive rebuttal.  Accordingly, Nguyen's continued detention is unlawful under the INA and violates her due process rights, and she is entitled to be released subject to supervision. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (citing 8 U.S.C. § 1231(a)(3)); *see also Thida Ma v. Woosley*, No. 4:26-CV-69-BJB, 2026 WL 1907969, at \*9 (W.D. Ky. July 2, 2026); *Salim v. Mullin*, No. 5:25-CV-227-BJB, 2026 WL 1679178, at \*9 (W.D. Ky. June 10,

2026); *Camara v. Field Off. Dir. for Enf't & Removal Operations Detroit*, No. 1:25-CV-740, 2026 WL 775585, at *8-10 (S.D. Ohio Mar. 19, 2026).

Accordingly, **IT IS HEREBY ORDERED** as follows:

1.      The Petition for Writ of Habeas Corpus (DN 1) is **GRANTED**.  Respondents are directed to release Petitioner Thanh Thao Le Nguyen from custody **IMMEDIATELY**, but she shall be subject to any terms of supervision in accordance with 8 U.S.C. § 1231(a)(3). Respondents shall certify compliance with the Court's Order by filing on the docket no later than **12:00 PM CT on July 31, 2026**.

2.      Upon receipt of the notice of compliance, the Clerk shall strike this matter from the active docket.

Greg N. Stivers, Judge
United States District Court
July 30, 2026

cc:     counsel of record

5